[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------

No. 07-12729
Non-Argument Calendar

--------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-20015-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MURRAY JOHNSON, JR.,

Defendant-Appellant.

----------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------

**(April 29, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant John Murray Johnson, Jr. appeals his 235-month

sentence imposed after he pled guilty to possession of a firearm and ammunition

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Johnson argues that the record did not support a sentence at the high end of the Guidelines range and that the district court did not adequately consider his personal history and characteristics in imposing sentence.

Because Johnson was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review his sentence for reasonableness in the light of the section 3553(a) factors. See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the seriousness of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, and just punishment, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Johnson's sentence was reasonable. The district court correctly calculated Johnson's Guidelines imprisonment range as 188 to 235 months based on his classification as an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(A); and the district court sentenced Johnson to the high point of that range. Id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The Supreme Court recently has explained that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Rita v. United States, 127 S.Ct. 2456, 2462 (2007).

The district court noted that it sentenced Johnson to the high end of his advisory Guidelines range so that the sentence would reflect the seriousness of the crime, promote respect for the law, and provide just punishment. The district court also stated that it had considered the statements of all the parties and the presentence investigation report, which included both the advisory Guidelines range and the section 3553(a) factors. The district court was not required to state on the record that it explicitly considered each of the section 3553(a) factors. United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007) (explaining that "an acknowledgment by the district court that it has considered the defendant's arguments and the [section] 3553(a) factors

3

will suffice.").  And the weight given to a section 3553(a) factor is within the sound discretion of the district court; "[w]e will not substitute our judgment in weighing the relevant factors."  United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007), abrogated in part on different grounds by Kimbrough v. United States, 128 S.Ct. 588 (2007).

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Johnson has not carried his burden of showing that his sentence was unreasonable.[*]

AFFIRMED.

---

[*]The government asserts that, because Johnson did not object to the sentence as unreasonable after it was imposed, we should review Johnson's present challenge only for plain error.  We need not decide this issue because, even under a reasonableness standard, Johnson's appeal fails.